UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHERYL RAY and KIRK RAY**<br><br>         Plaintiffs,<br><br>v.<br><br>**MYRON KENT WILSON,**<br>Serve:  3 Timberside Drive<br>            Greenville, TX 75402<br><br>and<br><br>**CELADON TRUCKING SERVICES, INC.,**<br>Serve: Celadon Trucking Services, Inc.<br>          c/o Registered Agent<br>          Cogency Global, Inc.<br>          600 South 2nd Street<br>          Suite 404<br>          Springfield, IL 62704<br>            c/o Registered Agent<br>            Kenneth L. Core<br>            9503 E 33rd St.<br>            Indianapolis, IN 46235<br><br>         Defendants. | Civil Action No.:<br><br>(**Personal Injury/Auto – In Excess of $75,000**)<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs Sheryl Ray and Kirk Ray, by and through their undersigned counsel, and for their Complaint against Defendants Myron Wilson and Celadon Trucking Services, Inc. (collectively "Defendants") state the following:

## PARTIES

1. This lawsuit concerns an automobile collision occurring on or December 16, 2016 when Plaintiff Sheryl Ray's automobile was struck by a tractor-trailer operated by Defendant Myron Wilson while being employed by Defendant Celadon Trucking Services, Inc. and acting

1

within the course and scope of his employment. Plaintiff Sheryl Ray suffered serious injuries as a result of the collision.

2. At all times material hereto, Plaintiff Sheryl Ray is an individual who was and is a citizen and resident of the State of Missouri.

3. At all times material hereto, Plaintiff Kirk Ray is an individual who was and is a citizen and resident of the State of Missouri.

4. At all times material hereto, Defendant Myron Kent Wilson (hereinafter "Defendant Wilson") is an individual who was and is a citizen and resident of Texas.

5. At all times material hereto, Defendant Celadon Trucking Services, Inc. (hereinafter "Defendant Celadon Trucking") is a duly organized and existing New Jersey corporation, with its principal place of business located in Indiana, that operates in the state of Illinois and elsewhere as an interstate motor carrier.

6. Defendant Wilson was at all times material hereto an employee or agent of Defendant Celadon Trucking and was acting in the course and scope of his employment and/or agency for Defendant Celadon Trucking on December 16, 2016.

7. The claim arises out of an automobile collision that occurred in Madison County, Illinois on December 16, 2016.

8. Illinois substantive law applies.

## SUBJECT MATTER JURISDICTION

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Plaintiffs are citizens and residents of the State of Missouri, Defendant Wilson is a

citizen and resident of the state of Texas, and Defendant Celadon Trucking is a citizen of the state of Indiana and New Jersey.

## PERSONAL JURISDICTION

10.     Defendant Celadon Trucking maintains sufficient minimum contacts with the State of Illinois and is subject to personal jurisdiction in Illinois.  Defendant Celadon Trucking conducts substantial business in Illinois, including the employment of Defendant Wilson who was working and traveling within the State of Illinois at the time of the automobile collision at issue in this Complaint, and Defendant Celadon Trucking maintains a registered agent in the State of Illinois.

11.     Defendant Wilson maintains sufficient minimum contacts with the State of Illinois and is subject to personal jurisdiction in Illinois. Defendant Wilson was working for Defendant Celadon Trucking and traveling within the State of Illinois at the time of the automobile collision at issue in this Complaint.

## VENUE

12.     Venue is proper in the United States District Court for the Southern District of Illinois, Southern Division, pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

13.     On or about December 16, 2016, Plaintiff Sheryl Ray was driving a 2011 Kia Soul (hereinafter "Plaintiff's vehicle") southbound on Interstate-55 near milepost 17, in Madison County, Illinois.

14.     On or about December 16, 2016, Defendant Wilson was driving a 2016 International tractor-trailer (hereinafter "Defendant Wilson's vehicle") southbound on Interstate-55 near milepost 17, in Madison County, Illinois.

15. On or about December 16, 2016, Defendant Wilson was, at all times, acting as an agent for Defendant Celadon Trucking.

16. On or about December 16, 2016, and at all times relevant hereto, Defendant Wilson's vehicle was owned by Defendant Celadon Trucking, and was being operated as part of Defendant Wilson's employment for Celadon Trucking

17. On or about December 16, 2016, the road conditions were dangerous, with icy precipitation covering Interstate-55.

18. Many cars and tractor-trailers, including Plaintiff's vehicle, pulled onto the shoulder of the Interstate because of the hazardous road conditions.

19. On or about December 16, 2016, while driving southbound on Interstate-55, Defendant Wilson negligently continued driving his vehicle on the hazardous road conditions, lost control of his vehicle and drove the right side of his vehicle into the left side of Plaintiff's vehicle, which was stopped on the shoulder of the Interstate.

20. The initial collision caused Defendant's Wilson's vehicle to push Plaintiff's vehicle and forced both vehicles off the roadway until Plaintiff's vehicle was approximately ninety feet from the shoulder.

21. Subsequently, Interstate-55 was shut down due to the hazardous roadway conditions.

22. As a result of the accident, Plaintiff Sheryl Ray suffered serious injuries.

## COUNT I
**(Negligence - Defendants Wilson and Celadon Trucking)**

23. Plaintiff Sheryl Ray hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

24. At all times relevant herein, Defendant Wilson was an employee and an agent for Defendant Celadon Trucking and Defendant Wilson was acting within the course and scope of his employment and/or agency for Defendant Celadon Trucking.

25. At all times relevant herein, Defendant Wilson was operating a vehicle owned by Defendant Celadon Trucking.

26. At all times mentioned herein, Defendants Wilson and Celadon Trucking owed a duty to Plaintiff Sheryl Ray and others to exercise the highest degree of care in the operation of the motor vehicle.

27. The automobile collision at issue was caused by the negligence and carelessness of Defendants Wilson and Celadon Trucking in the following respects:

   a. Defendants operated the vehicle in a careless and reckless manner;

   b. Defendants failed to cease operating the vehicle under the hazardous road conditions;

   c. Defendants failed to properly operate the vehicle under the hazardous road conditions;

   d. Defendants failed to keep a careful lookout;

   e. Defendants failed to attend to the roadway;

   f. Defendants operated the vehicle at an excessive rate of speed under the circumstances;

   g. Defendants failed to comply with applicable state and federal regulations regarding the commercial operation of tractor-trailer units; and

   h. Such further negligent and careless acts and omissions as the

evidence and discovery will reveal.

28. Due to the negligence and carelessness of Defendants Wilson and Celadon Trucking, Plaintiff Sheryl Ray was seriously injured on December 16, 2016.

29. Due to the negligence and carelessness of Defendants Wilson and Celadon Trucking, Plaintiff Sheryl Ray personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

30. The negligence and carelessness of Defendants Wilson and Celadon Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Sheryl Ray and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Sheryl Ray prays for judgment jointly and severally against Defendants Wilson and Celadon Trucking in Count I herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II
**(Negligence Per Se - Defendants Wilson and Celadon Trucking)**

31. Plaintiff Sheryl Ray hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

32. At all times relevant herein, Defendant Wilson was an employee and an agent for Defendant Celadon Trucking and Defendant Wilson was acting within the course and scope of his employment and/or agency for Defendant Celadon Trucking.

33. At all times relevant herein, Defendant Wilson was operating a vehicle owned by Defendant Celadon Trucking.

34. At all times mentioned herein, Defendants Wilson and Celadon Trucking owed a duty to Plaintiff Sheryl Ray and others to exercise the highest degree of care in the operation of the motor vehicle.

35. The acts and omissions as set forth herein constituted violations of the Illinois Compiled Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 625 of the Illinois Compiled Statutes, including but not limited to: 625 ILCS. §§ 11-601.

36. The acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 385.5, 392.3, 392.6, 392.7, and 395.3.

37. The subject statutes, codes, regulations and the above provisions, are designed to protect Plaintiff Sheryl Ray and members of the public generally from the hazards that arise from operations of motor vehicles.

38. Plaintiff Sheryl Ray is within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiff Sheryl Ray sustained.

39. As a direct and proximate result of Defendants' violations of the provisions enumerated above, Plaintiff Sheryl Ray was seriously injured on December 16, 2016.

40. Due to the negligence and carelessness of Defendants Wilson and Celadon Trucking, Plaintiff Sheryl Ray personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

41. The negligence and carelessness of Defendants Wilson and Celadon Trucking as

described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Sheryl Ray and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Sheryl Ray prays for judgment jointly and severally against Defendants Wilson and Celadon Trucking in Count II herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT III
### (Negligence - Defendant Celadon Trucking)

42. Plaintiff Sheryl Ray hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

43. At all times relevant herein, Defendant Wilson was an employee and an agent for Defendant Celadon Trucking and Defendant Wilson was acting within the course and scope of his employment and/or agency for Defendant Celadon Trucking.

44. At all times relevant herein, Defendant Wilson was operating a vehicle owned by Defendant Celadon Trucking

45. The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Celadon Trucking in the following respects:

    a. Defendant Celadon Trucking was negligent in its hiring of Defendant Wilson;

    b. Defendant Celadon Trucking was negligent in its retention of

           Defendant Wilson;

   c.   Defendant Celadon Trucking was negligent in its supervision of Defendant Wilson;

   d.   Defendant Celadon Trucking was negligent in its training of Defendant Wilson;

   e.   Defendant Celadon Trucking was negligent in its maintenance of the tractor-trailer truck which was being operated by Defendant Wilson on or about December 16, 2016; and

   f.   Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

46. As a direct and proximate result of the negligence and recklessness of Defendant Celadon Trucking, Plaintiff Sheryl Ray was seriously injured on December 16, 2016.

47. Due to the negligence and carelessness of Defendant Celadon Trucking, Plaintiff Sheryl Ray personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

48. The negligence and carelessness of Defendant Celadon Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Sheryl Ray and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant Celadon Trucking and deter Defendant Celadon Trucking, and others, from like conduct in the future.

WHEREFORE Plaintiff Sheryl Ray prays for judgment against Defendant Celadon Trucking in Count III herein in a sum in excess of seventy-five thousand dollars ($75,000.00)

together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT IV
### (Loss of Consortium - Defendants Wilson and Celadon Trucking)

49. Plaintiff Kirk Ray alleges and incorporates all previous paragraphs by reference as if fully set forth herein.

50. At all times relevant to this cause of action, Plaintiff Kirk Ray was the lawfully wedded spouse of Plaintiff Sheryl Ray.

51. As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff Kirk Ray has lost the services, support, society and consortium of his wife, Plaintiff Sheryl Ray, and shall lose the same in the future.

52. As a direct and proximate result of the aforesaid negligent acts or negligence, Plaintiff Kirk Ray has personally sustained and will continue to sustain actual damages, including lost wages and benefits, and has become indebted for reasonable and necessary medical care and treatment rendered to his wife, Plaintiff Sheryl Ray, and he shall incur additional such expenses in the future.

53. The negligence and carelessness of Defendant Celadon Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Sheryl Ray and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant Celadon Trucking and deter Defendant Celadon Trucking, and others, from like conduct in the future.

WHEREFORE Plaintiff Kirk Ray prays for judgment against Defendants Wilson and Celadon Trucking in Count IV herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided

by law, for punitive damages, and for any further relief this Court deems just and proper.

                Respectfully Submitted,

                **THE SIMON LAW FIRM, P.C.**

By: */s/ Erica B. Slater*_____
     John G. Simon #35231
     Erica Blume Slater #63716
     800 Market Street, Suite 1700
     St. Louis, MO 63101
     Phone: (314) 241-2929
     Fax: (314) 241-2029
     jsimon@simonlawpc.com
     eslater@simonlawpc.com
     *Attorneys for Plaintiffs*