# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERYL RAY and KIRK RAY,

    Plaintiffs,

v.

MYRON KENT WILSON and CELADON TRUCKING SERVICES, INC.,

    Defendants.

Case No. 3:17-cv-01163-JPG-MAB

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Celadon Trucking Services employed Myron Wilson as a truck driver. (Compl. ¶¶ 14–16, ECF No. 1.) The plaintiffs say that Wilson rammed his truck into the plaintiffs' car on Interstate-55 during icy weather conditions—which were apparently so bad that many drivers had pulled onto the shoulder and parked, including the plaintiffs—so they sued both Celadon Trucking and Wilson in tort. (*Id*. at ¶¶ 17–22.) There are three counts: (1) negligence against both defendants; (2) negligence *per se* against both defendants; and (3) negligence under a respondeat superior theory against Celadon Trucking only. The defendants then filed partial motions for summary judgment on Count III and the claims for punitive damages in every count—but following a joint stipulation of dismissal as to Count III, only the punitive damages issue remains. (ECF No. 58.)

    The defendants argue that they are entitled to summary judgment on the punitive damages requests because (1) the plaintiffs use the same factual allegations in support of their requests for both compensatory and punitive damages, and (2) the allegations are only sufficient for compensatories—not punitives. The defendants point to several Illinois state cases on the matter that rely on the Restatement (Second) of Torts § 909 (1979), which says:

1

> Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,
>
>> (a) the principal or a managerial agent authorized the doing and the manner of the act, or
>>
>> (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or
>>
>> (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
>>
>> (d) the principal or a managerial agent of the principal ratified or approved the act.

*See, e.g., Mattyasovszky v. W. Towns Bus Co.,* 61 Ill. 2d 31, 36, 330 N.E.2d 509, 512 (1975); *Pendowski v. Patent Scaffolding Co.*, 89 Ill. App. 3d 484, 489, 411 N.E.2d 910, 913 (1980) (applying the holding of *Mattyasovszky*).

Although the defendants frame their motion as one for summary judgment, it is really a motion to dismiss: it relies purely on the sufficiency of the allegations in the complaint rather than the facts at-issue in this case. To avoid a motion to dismiss like this one, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly.*, 550 U.S. at 556). And as always when reviewing one of these types of

motions, the Court must accept as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555 (2007)).

The defendants' motion does not meet those standards. The complaint makes numerous allegations in each count, including "Defendants operated the vehicle in a careless and reckless manner"; "Defendants failed to cease operating the vehicle under the hazardous road conditions"; "Defendants operated the vehicle at an excessive rate of speed under the circumstances"; and "the acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 385.5, 392.3, 392.6, 392.7, and 395.3." (Compl. ¶¶ 27, 36, ECF No. 1.) The complaint then ends each count with: "The negligence and carelessness of Defendants Wilson and Celadon Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Sheryl Ray and others, thereby justifying an award of punitive damages." (*Id.* at ¶¶ 30, 41.) That is clearly sufficient to state a claim for punitive damages, as punitives are properly awarded when a defendant acted in a grossly negligent manner such that it shows a wanton disregard for the safety of others—just as the complaint pleads. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 186, 384 N.E.2d 353, 359, 23 Ill.Dec. 559, 565 (1978).

Nor does the Restatement (Second) of Torts § 909 change anything here. That provision says that you can obtain punitives against both a principal and an agent when "the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him," or when "the principal or a managerial agent of the principal ratified or approved the act." The complaint makes those factual allegations—making the matter an issue of fact. But the

defendants did not point to any issues of fact here—only issues as to allegations in the pleadings. And there is nothing incorrect with the complaint.

That leads into a third motion in this case. When the plaintiffs responded to the defendants' motion, they asked the Court to defer considering the motion to "allow the parties time to complete Corporate Representative discovery on the issues raised by the pending motion." (ECF No. 64.) The Court will deny that request. First, the Court has already extended discovery in this case twice, so it is puzzling why the parties never engaged in corporate discovery before now—on the eve of trial. Second, discovery is unnecessary to resolve the defendants' motion—which was really just a motion to dismiss on the bare allegations in the complaint.

For those reasons, the Court **DENIES** the defendants' motion for summary judgment on the punitive damages claims (ECF No. 58), **DENIES** the plaintiffs' motion to deny or defer considering the defendants' motion (ECF No. 64), and because of the stipulation of dismissal, **FINDS AS MOOT** the defendants' motion for summary judgment on Count III (ECF No. 56).

**IT IS SO ORDERED.**

**DATED: JULY 10, 2019**

> s/ *J. Phil Gilbert*
> J. PHIL GILBERT
> U.S. DISTRICT JUDGE