IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHERYL RAY AND KIRK RAY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No.:   3:17-cv-01163-JPG-MAB |
| | ) | |
| MYRON KENT WILSON and | ) | |
| CELADON TRUCKING SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS IN LIMINE

COME NOW Defendants and for their Motions in Limine hereby state:

**1.    David Stopper should be prohibited from testifying regarding Celadon's duty or negligence related to weather conditions and advisories**

In his deposition, Plaintiffs' liability expert witness David Stopper has testified that in his opinion, Defendant Celadon failed to notify it driver Wilson of the current weather conditions at or near the scene of the accident.

Mr. Stopper should be prohibited from testifying to these opinions because:

a)    No such theory of recovery or cause of action, or any similar cause of action, has been pleaded by Plaintiffs in their Complaint;

b)    In his deposition, Stopper was unable to identify any particular weather report or information available to Celadon that Celadon should have communicated to its driver;

c)    As Celadon has already admitted that Wilson was acting

1

within the course and scope of his employment, Plaintiffs'

may not bring any direct cause of action against Celadon.

_____ Stipulated              _____ Sustained              _____ Overruled

**2.     Evidence of any contractual relationship between Celadon and Mr. Wilson should be excluded**

Plaintiffs should be prohibited from introducing evidence or testimony regarding the contractual relationship between Celadon and Wilson, and the lease agreement for the truck between Wilson and Quality Leasing. These matters are not relevant to any issue in the case.

_____ Stipulated              _____ Sustained              _____ Overruled

**3.     Evidence or reference to Celadon's failure to train Mr. Wilson should be excluded**

Plaintiffs should be prohibited from introducing evidence or testimony regarding whether Celadon failed to properly train the Defendant Wilson regarding use of a retarder brake/jake brake. Celadon has admitted that Wilson was acting within the course and scope of his employment at the time of the incident, and therefore Plaintiffs may not maintain a separate action against Celadon for failure to properly train Wilson. *See Gant v. L.V. Transport, Inc.*, 770 N.E.2d 1155 (2002), *Boeschen v. Butler Transport*, 2016 W.L. 4617364 (U.S.D.C. for SDI), and *Thompson v. Northeast Regional Commuter R.R. Corp.,* 854 N.E.2d 744.

_____ Stipulated              _____ Sustained              _____ Overruled

**4.     Testimony from experts regarding the relative forces at issue during the motor vehicle accident should be excluded**

Dr. Lee and any other medical expert should be prohibited from opining on the relative forces put on Ms. Ray as a result of the Motor Vehicle Accident as he lacks the foundation to assess or form conclusions regarding this matter.  Through *Daubert*, United States Supreme

Court has made it clear that scientific testimony is admissible under Rule 702 only if it is based upon "scientific knowledge" that is "derived by the scientific method":

> Proposed testimony must be supported by appropriate validation – *i.e.*, "good grounds," based on what is known.  In short, the requirement that an expert's testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).

Here Dr. Lee has admitted he does not know the details of the accident beyond what was reported to him by Ms. Ray.  He did not know how fast Defendants truck was moving, he did not see any pictures of the accident or vehicles after the accident.  (See Deposition of Dr. Lee, Pgs 88-90.)  Dr. Lee's opinion regarding causation is not based on the circumstances of the collision (force, speed, damage, etc.), but instead is based on the timing of Ms. Ray's symptoms in relation to the accident.  Consequently, any discussion of the relative forces of the accident in relation to Ms. Ray's injuries is not only outside the scope of Dr. Lee's expertise based on his own personal knowledge, but would violate Federal Rules of Evidence 403 as it would establish substantial prejudice against Defendants that is not weighed by its probative value in light of the lack of foundational knowledge Dr. Lee has in relation to the relative forces at issue during the motor vehicle accident between Defendants and Plaintiff.

_____ Stipulated             _____ Sustained         _____ Overruled

3

5. **Evidence or reference to drug and alcohol testing, or lack thereof, should be excluded**

Plaintiffs should be barred from referencing or alluding to the fact that Mr. Wilson was not tested for drugs or alcohol after the motor vehicle accident as Plaintiffs' own expert testified such testing was not required and even alluding to the lack of testing or requirements would be more prejudicial than probative in violation of Federal Rules of Evidence 403.

_____ Stipulated          _____ Sustained          _____ Overruled

6. **Plaintiffs' reference to the relative speed of Defendants' truck should be excluded**

Plaintiffs' witnesses and Plaintiffs' attorneys should be barred from any of their witnesses referencing the relative speed of Defendants' truck in miles per hour during motor vehicle accident, as no foundation has been established during the previous testimony of the witnesses that any witness could estimate how fast the truck was moving and such speculation after the fact would be more prejudicial than probative in violation of Federal Rules of Evidence 403.

_____ Stipulated          _____ Sustained          _____ Overruled

7. **Plaintiffs' reference to wealth, profits, or profit motive should be excluded**

Plaintiffs' witnesses, specifically but not limited to David Stopper, and Plaintiffs' attorneys should be barred form making any reference to the wealth, profits, or profit motive of either of Defendants as such testimony is irrelevant to the issues in this case and would be more prejudicial than probative in violation of Federal Rules of Evidence 403.

_____ Stipulated          _____ Sustained          _____ Overruled

        Respectfully Submitted,

        RASMUSSEN DICKEY MOORE, LLC

By:   /s/ Nathan A. Lindsey
       Nathan A. Lindsey     IL # 6311177
       RASMUSSEN DICKEY MOORE, LLC
       10 S. Broadway, Suite 1520
       St. Louis, Missouri 63102
       nlindsey@rdm.law
       Telephone: (314) 768-3770
       Facsimile: (314) 768-3775

       Christopher P. Leritz, #6320052IL
       555 Washington Avenue, Suite 600
       St. Louis, Missouri 63101
       cleritz@leritzlaw.com
       Telephone:  (314) 231-9600
       Facsimile:  (314) 231-9480

ATTORNEYS FOR DEFENDANTS
CELADON TRUCKING SERVICES, INC.
and MYRON KENT WILSON

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court for the Southern District of Illinois with service via operation of the Court's electronic filing system, this 8th day of August, 2019 to:

John G. Simon
Erica Blume Slater
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101

       /s/ Nathan A. Lindsey