IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERYL RAY and<br>KIRK RAY,<br>Plaintiffs,<br><br>v.<br><br>MYRON KENT WILSON and<br>CELADON TRUCKING SERVICES, INC.,<br>Defendants. | Case No. 17–CV–01163–JPG |

## MEMORANDUM & ORDER

**I. INTRODUCTION**

This personal-injury suit arises out of a trucking accident. Before the Court is Plaintiffs Sheryl and Kirk Ray's Motion to Enforce Settlement, (ECF No. 95), and Defendant Myron Kent Wilson's Motion to Extend Bankruptcy Stay, (ECF No. 101). For the reasons that follow, Plaintiffs' Motion is **DENIED AS MOOT**, Defendant Wilson's Motion is **GRANTED IN PART AND DENIED IN PART**, and this case is **REFERRED** to the United States Bankruptcy Court for the District of Delaware.

**II. PROCEDURAL & FACTUAL HISTORY**

In October 2019, the parties entered into a Release and Settlement Agreement ("Agreement"), whereby Defendant Celadon Trucking Services, Inc. ("Celadon") and its insurer agreed to pay Plaintiffs $4.25 million in consideration for a release of both Defendants' liability. (Pls.' Mot. to Enforce Settlement, Ex. 1). When Defendant Celadon failed to make payments, Plaintiffs asked the Court to "enforce the [Agreement]." (Id. at 4). Two days later, Defendant Celadon filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of Delaware. (Def. Celadon's Mot. for Stay, ECF No. 97). Accordingly, the Court entered a Notice

indicating that the case was automatically stayed as to Defendant Celadon but not as to Defendant Wilson. (Notice, ECF No. 99). Defendant Wilson now asks the Court to modify the automatic stay to include him and refer the case to the bankruptcy court.

**III.   LAW & ANALYSIS**

Federal district courts "may provide that any or all cases . . . related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). "A civil action is 'related to' the bankruptcy if it 'affects the amount of property available for distribution or the allocation of property among creditors.'" Apex Inv. Assocs., Inc. v. TJX Cos., Inc., 121 B.R. 522, 525–26 (N.D. Ill. 1990) (quoting In re Xonixs, Inc., 813 F.2d 127, 131 (7th Cir. 1987)). "Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on 'the debtor's rights, liabilities, options, or freedom of action' or the 'handling and administration of the bankruptcy estate.'" In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3d Cir. 1991) (quoting In re Smith, 866 F.2d 576, 580 (3d Cir. 1989)). A motion to modify an automatic stay triggered by the filing of a bankruptcy petition is also a "core proceeding" that falls securely within a bankruptcy court's power. 28 U.S.C. § 157(b)(1), (2)(G).

Both parties rely on the same Northern District of Illinois case for support. In Apex, 121 B.R. at 524, The TJX Companies, Inc. ("TJX") sold assets to Ames Department Stores, Inc. ("Ames"), including TJX's interest in a shopping center lease. Ames agreed that it would indemnify TJX if it failed to meet its obligations and TJX suffered damages. Id. Two years later, Ames failed to pay certain taxes and fees associated with the lease. Id. When Ames filed for bankruptcy, the lessor of the shopping center sought to collect from TJX, who guaranteed Ames' obligations. Id. Based on the indemnification agreement, TJX filed a motion to refer the case to the bankruptcy court. Id. The court granted the motion because if the lessor ultimately succeeded

"in enforcing the guaranty agreement against TJX, then TJX will simply seek indemnification from Ames, the debtor. By virtue of its agreements to indemnify TJX, Ames will have less assets available to satisfy the claims of other creditors—a result which unquestionably impacts upon the administration of the Ames' estate." Id. at 525.

Defendant Wilson argues that this case is analogous to Apex because any effort to collect from him would ultimately lead back to Defendant Celadon. The Agreement requires Defendant Celadon—not Defendant Wilson—to make payments in consideration for a release of liability. Accordingly, Defendant Wilson contends that he will seek indemnification from Defendant Celadon if the Court forces him to make payments on the Agreement, thus disrupting Defendant Celadon's estate. Conversely, Plaintiffs reads Apex as extending only to actions against guarantors of a debtor's obligation.

The Court disagrees with Plaintiffs' narrow interpretation of Apex. The court in Apex relied in part on Philippe v. Shape, Inc., 103 B.R. 335, 356 (D. Me. 1989). That case did not involve a guarantor of a debtor's obligation, but rather corporate officers that sought indemnification from an insolvent corporation. Since "[t]he obligation to indemnify these individuals 'would necessarily affect the administration of the [corporation's] bankruptcy estate,'" the court found that the case "related to" the corporation's bankruptcy and referred it to the bankruptcy court. Apex, 121 B.R. at 525–26 (quoting Philippe, 103 B.R. at 358). The crux of the Apex decision was therefore that a case is "related to" bankruptcy whenever the outcome of the litigation might affect the debtor's estate—not only when it involves a guarantor.

This case is "related to" Defendant's Celadon's bankruptcy because the Agreement's enforcement would necessarily affect its estate. The Agreement states that *only* Defendant Celadon and its insurer will make payments in consideration for a release of *both* Defendants' liability.

Plaintiffs are therefore not entitled to collect from Defendant Wilson, despite their attempt to misconstrue the plain language of the Agreement. Plaintiffs' right to collect on the Agreement is therefore left to the United States Bankruptcy Court for the District of Delaware, which is administering Defendant Celadon's insolvency. Since Defendant Wilson seeks a modification of the stay and Plaintiffs seek the Agreement's enforcement, these matters are best left to the bankruptcy court to determine Plaintiffs' right to collect. The United States District Court for the District of Delaware can later determine whether this personal-injury case will be tried in that district or the Southern District of Illinois. See 28 U.S.C. § 157(b)(5).

## IV.    CONCLUSION

Plaintiffs' Motion to Enforce Settlement is **DENIED AS MOOT**, Defendant Wilson's Motion to Extend Bankruptcy Stay is **GRANTED IN PART AND DENIED IN PART**, and this case is **REFERRED** to the United States Bankruptcy Court for the District of Delaware.

**IT IS SO ORDERED.**

**Dated: Thursday, March 12, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
